# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Case No.: _____-Civ- _____

DAVID ALLEN,
    Plaintiff

# 03-21063

vs.

CITY OF MIAMI, a Municipal corporation
in Miami-Dade County, State of Florida,
POLICE OFFICER LEO TAPANES,
POLICE OFFICER PABLO CAMACHO,
LT. ISRAEL GONZALEZ, OFFICER
CARLOS AVILA, OFFICER JACK CALVAR,
OFFICER NELSON ANDREU, and MAJ. CHRISTMAS
individually and as agents of the City of
Miami and the City of Miami Police Department,
all jointly and severally,
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff David Allen, by and through his undersigned counsel and complains against the above named Defendants, and for this cause of action states as follows:

## JURISDICTION

1.    That this action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983 and 1988.

2.    That this Court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, Sections 1331 and 1343 and pendant jurisdiction over state claims that



arise out of the nucleus of operative facts common to Plaintiff's federal claims under provisions of Title 28 of the United States Code, Section 1367.

3.      Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

4.      That each and all of the acts of Defendants collectively and each individually as herein were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the City of Miami, County of Miami-Dade, State of Florida, and by virtue of and under the authority of the employment of each of the above-named Defendants as police administrative officials and/or police officers and with the City of Miami, County of Miami-Dade, State of Florida.

5.      That the City of Miami, through the City of Miami Police Department and its Chief of Police, is responsible for and does in fact, hire, train, supervise and instruct police officers and detention officers of all grades in the performance of their duties.

## THE PARTIES

6.      Plaintiff, David Allen, is a citizen and resident of Miami, Miami-Dade County, State of Florida and of the United States and is entitled to all rights, privileges, and immunities accorded to all citizens of the United States and of the State of Florida.

7.      Defendant City of Miami, is a municipal corporation, formed pursuant to the laws of the State of Florida, and one of the functions of the City of Miami is to organize, operate, staff and supervise a police force.

8.      Defendant Tapanes, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

9.     Defendant Camacho, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

10.     Defendant Gonzales, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

11.     Defendant Calvar, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

12.     Defendant Avila, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

13.     Defendant Andreu, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

14.     Defendant Christmas, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

15.     At all times material, all Defendants, except as set forth below, were acting within the scope of their respective employment and pursuant to the laws, customs, ordinances, policies and practices of the City of Miami Police Department.   All Defendants, except as set forth below, were acting at all material times under the color of state law.

## COMMON ALLEGATIONS

16.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through and including 15 of this Complaint.

17.     On July 27, 2000, at approximately 5:00 p.m. Plaintiff, stopped his truck on William Avenue a residential street in the Coconut Grove section of the City of Miami.  Plaintiff stood on the street between his driver's side door and the seat of his truck, urinating.  At this time and place, Defendant City of Miami and their employees, including Defendants Tapanes and Camacho, were working as undercover police officers in an unmarked car wearing civilian clothes and were transporting a prisoner after having just completed an undercover sting.

17.     Defendants Tapanes and Camacho allege that they witnessed Plaintiff urinating while Defendants were driving by with a prisoner referred to above.

18.     Defendant Camacho, driver of the unmarked car and stopped directly parallel to Plaintiff and his truck, drew his firearm and pointed it at Plaintiff.

19.     When Defendant Camacho pointed his firearm at Plaintiff, Plaintiff leaned away from the direction of Defendant Camacho's gun.

20.     That at or about that time, Defendant Tapanes exited the unmarked car and pointed his firearm at Plaintiff.

21.     That after exiting the vehicle, Defendant Tapanes fired his gun.  The bullet entering Plaintiff's driver side window, ultimately striking and wounding Plaintiff's arm.

22.     Plaintiff's truck was not moving at the time of the first shot referenced in paragraph 21, above.

23.    That since Plaintiff could not reasonably conclude the Defendants were police officers, Plaintiff began to pull away from the location where he was parked for his own safety.

24.    Defendant Tapanes fired his gun a second time as Plaintiff was leaving the scene.

25.    Defendant Tapanes' bullet struck Plaintiff's truck in the top rear window of the cab on the driver's side.

26.    A third gunshot was fired by either Defendant Tapanes or Defendant Camacho.

27.    Three shell casings were seen being marked by eye witnesses, however, only two shell casing were collected.

28.    No weapon or contraband of any kind was possessed by Plaintiff at the time of the incident described herein.

29.    All of these actions and/or omissions by Defendants caused Plaintiff to suffer injury, including permanent bone, nerve, cosmetic and mental health injury and to incur uninsured medical expenses, lost wages and loss of earning capacity, severe and permanent disfigurement as well as pain and suffering.

30.    After the above described incident, Plaintiff was arrested for aggravated assault (of Defendant Tapanes) with a deadly weapon (his truck).  This arrest was made without any legal justification since Plaintiff did not threaten Defendant with his truck.

31.    The arrest and apprehension of Plaintiff for the offense referred to in paragraph 26 above was a pretext to justify the unlawful shooting of Plaintiff by Defendants.

32.    On February 14, 2002, Plaintiff was found not guilty of the charge of aggravated assault with a deadly weapon by a jury of his peers.

33.     Pursuant to Florida Statute 768.28, Plaintiff caused to be delivered to Mayor Joe Carollo of the City of Miami, a written claim for injuries suffered at the hands of the City of Miami. Exhibit A attached. Such letter was received by Mayor Carollo's office on or about September 9, 2000. Exhibit A attached.

34.     Pursuant to Florida Statute Section 768.28, Plaintiff cause to be delivered to the State Department of Insurance, Thomas Gallagher, a written claim or injuries suffered. Exhibit B attached. Such letter was received by the State Department of Insurance on our about September 9, 2000. Exhibit B attached.

35.     Over six months have passed since this submission of such claim by Plaintiff, but each agency referenced above has failed to dispose of such claim.

36.     The City of Miami has specifically waived its sovereign immunity pursuant to Florida Statute Section 768.28 and Miami-Dade County Code of Ordinances Section 8.03.

## COUNT I
## 42 USC Section 1983 – CONSTITUTIONAL DEPRIVATIONS

37.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint.

38.     That the actions and omission of all Defendants acting under color of law and in violation of 42 USC Section 1983 include and are not limited to:

a.     the use of unreasonable, unnecessary and excessive force, offended the community's sense of fair play and decency, were unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness and reckless indifference and the life and well being of Plaintiff, community residents, including those who were celebrating an outdoor birthday party, and a prisoner under Defendants' custody and

control, and with wanton intent for Plaintiff to suffer unnecessary and intentional infliction of pain; and

    b.  Defendants' failure to: (i) follow promulgated police policies and procedures, (ii) properly train, supervise and discipline officers in the appropriate use of excessive and/or deadly force, and (iii) develop, implement, monitor and enforce policies and procedures relating to the proper means and methods for (A) collecting and preserving evidence, (B) the constitutional limits of the use of deadly and/or excessive force by its police officers, and (C) investigating incidents relating to the discharge of a police officer's firearm, which failures reflect a deliberate indifference to the rights of the Plaintiff and were a direct and proximate cause of Plaintiff's injury.

   39. That the conduct of each Defendant, individually and as agents of the City of Miami, deprived Plaintiff of his clearly established rights, privileges and immunities in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and of 42 USC Section 1983.

   40. That at all times relevant to this Complaint, Defendants, together with the agents assigned to the investigation of the events arising from the incident described herein, owed Plaintiff a duty to protect his Constitutional Rights secured by the Fourth Amendment through the Fourteenth Amendment of the Constitution which include the following guaranteed rights:

    a.  the right to be free from bodily harm and injury caused by Defendants' use of excessive force;

    b.  the right to enjoy his liberty, property and freedom;

    c.  the right to due process of law.

   41. Defendants violated these rights by:

    a.  detaining and pointing their guns at Plaintiff without having properly identified themselves as police officers;

    b.  placing Plaintiff in fear of great bodily harm and injury;

    c.  the unwarranted use of deadly force;

    d.  causing Plaintiff to suffer physical injury, permanent disfigurement, emotional distress, lost income, lost earning capacity, and incur medical expenses;

    e.  causing Plaintiff to suffer mental anguish, embarrassment, humiliation and disgrace;

    f.  unlawfully depriving Plaintiff of his liberty, property and freedom;

    g.  arresting and charging Plaintiff with a crime (assault with a deadly weapon) to justify Defendants' violation of Plaintiff's rights;

    h.  failing to locate, collect and preserve all known evidence, specifically, the third bullet casing, which significantly impairs Plaintiff's ability to prove his lawsuit against Defendant Tapanes or Camacho;

    i.  failing to establish and/or to follow established policies and procedures relating to the use of deadly force upon an unarmed civilian or one who poses no immediate threat;

    j.  failing to establish and/or to follow established policies and procedures relating to the collection and preservation of evidence;

    k.  failing to establish and/or to follow established policies and procedures relating to the retention, supervision, discipline and training of police officers;

    l.  failing to establish and/or to follow established policies and procedures relating to investigations where one or more officers have discharged a firearm, and in particular, the method, manner (failure to engage an independent or outside agency), and/or conduct (intimidation of witnesses) of the investigation(s) relating to the incident that occurred on July 27, 2000 and described herein;

    m.  securing a false statement from a witness in order to justify their unlawful use of excessive force and their arrest and detention of the Plaintiff;

    n.  suborning the perjury of a civilian witness to the incident in exchange for the government dismissing criminal charges against said witness;

    o.  using investigative tactics including witness intimidation;

    p.  not interviewing known witnesses to the occurrence because of a belief that said witnesses would give unfavorable testimony as to the actions of the Defendant officers; and

    q.  not interviewing known witnesses identified in police reports.

42.     That the shooting was investigated by the Defendants wherein it was concluded that the Defendant officers' shooting of Plaintiff was justified.

43.     That this conclusion was based upon the statement of a certain witness who was promised a dismissal of a criminal case by the Defendants in exchange for his false testimony that Plaintiff was trying to run over Defendant Tapanes.

44.     That said witness has since recanted and specifically says that in no way was Plaintiff attempting to run over or attempting to drive his vehicle in the direction of the Defendant Tapanes.

45.     That said acts by the Defendants in connection with the Internal Affairs investigation of this matter constituted a conspiracy which lead to the violation of Plaintiff's rights under the U.S. Constitution, and in particular a violation of his rights under the Fourth and Fourteenth Amendments.

46.     That the investigation of the shooting done by the Defendants used improper policies and procedures, including but not limited to intimidation, coercion and securing of false testimony.

47.     That as a direct and proximate result of the foregoing, the Plaintiff, unlawfully deprived of his civil rights is entitled to compensatory and punitive damages, including, but not limited to special damages such as medical expenses, lost wages, lost earnings, and future loss of income, as well general damages such as pain and suffering, emotional distress, and humiliation, permanent disability, disfigurement as well as reasonable attorneys fees and costs.

## A. FOURTH AMENDMENT VIOLATIONS

48.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 47 of this Complaint.

49.     That in a recklessly indifferent fashion, Defendants used intentional, grossly negligent and excessive force against Plaintiff in violation of the Fourth Amendment of the Constitution.

50.     That Defendants effected a seizure upon Plaintiff in violation of his Fourth Amendment rights when they without justification shot, struck and injured Plaintiff, unlawfully arrested him and took him into custody.

51.     That Defendants effected a seizure upon Plaintiff's property in violation of his Fourth Amendment rights when they without justification shot, struck and damaged Plaintiff's truck and took control of Plaintiff's truck.

52.     That as a result of the foregoing, Plaintiff, unlawfully deprived of his civil rights as guaranteed under the US Constitution is entitled to compensatory and punitive damages. including, but not limited to special damages such as medical expenses, lost wages, loss of earning capacity, truck repair expenses as well general damages such as pain and suffering, emotional distress, injury to reputation, serious permanent injury, disfigurement and humiliation, and reasonable attorneys fees and costs.

## B.  FOURTEENTH AMENDMENT VIOLATIONS

53.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 52 of this Complaint.

54.     That Plaintiff was denied due process guaranteed by the Fourteenth Amendment Due Process Clause of the U.S. Constitution as a result of inadequate training on the constitutional limits of the use of excessive force said conduct which shocks the conscience and offends the community sense of fair play and decency.

55.     That the conduct of each Defendant, individually and as agents of the City of Miami, was pursuant to, and in execution and implementation of, officially sanctioned policies, practices, ordinances, regulations and customs of Defendant City of Miami, each of the named Defendants exhibited a deliberate indifference by intentional acts, gross negligence and/or engaged in omissions to breach Plaintiff's public safety and caused constitutional deprivation of his individual rights to wit:

       a.     failure to properly locate, collect and preserve all known evidence, specifically, the third bullet casing, was a grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of Plaintiff's Constitutional rights and that future police misconduct is substantially certain to result;

       b.     failure to establish and/or to follow established policies and procedures relating to the use of deadly force upon an unarmed civilian or one who poses no immediate threat was a grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of Plaintiff's constitutional rights and that future police misconduct is substantially certain to result;

       c.     failure to establish and/or to follow established policies and procedures relating to the collection and preservation of evidence grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of Plaintiff's constitutional rights and that future police misconduct is substantially certain to result;

       d.     failure of Defendant City of Miami to adequately discipline, investigate and/or discharge any officers involved in the use of excessive force upon Plaintiff;

       e.     failure to establish and/or to follow established policies and procedures relating to the conduct of investigations where one or more officers have discharged a firearm;

       f.     failure to hire individuals whose character and personality would not pose a potential danger to residence of the City of Miami and Plaintiff;

       g.     knowingly and recklessly failing to discipline, instruct, supervise or control officers conduct, thereby encouraging acts or omissions that lead and contributed to Plaintiff's injuries;

       h.     detaining officers who pose a danger to citizens;

       i.     failure of the Defendant City of Miami to properly investigate officer shootings;

      j.       securing a false statement from a witness in order to justify their unlawful use of excessive force and their arrest and detention of the Plaintiff;

      k.       suborning the perjury of a civilian witness to the incident in exchange for the government dismissing criminal charges against said witness;

      l.       using investigative tactics including witness intimidation;

      m.       not interviewing known witnesses to the occurrence because of a belief that said witnesses would give unfavorable testimony as to the actions of the Defendant officers; and

      n.       not interviewing known witnesses identified in police reports.

56.     That Defendants, all officials, supervisors, and officers individually and as agents for the Defendant City of Miami, personally participated in the implementation, execution and omission of the official policies, training, ordinances, regulation and/or customs referred to above.

57.     That, Defendants Tapanes and Camacho acted intentionally, recklessly and with deliberate indifference to life when they shot at an unarmed man for urinating, in broad daylight, on a residential street where a family was celebrating the outdoor birthday party of a family member, while transporting a prison in an unmarked car, posing an excessive risk to the health and safety of Plaintiff and others.

58.     That as a direct and proximate of the aforementioned conduct all of the Defendants individually and as agents of the City of Miami violated Plaintiff's Constitutional rights as guaranteed under the Fourth and Fourteenth Amendment and Plaintiff has suffered pain, anguish, injury and permanent disfigurement, and other damages set forth heretofore.

WHEREFORE, Plaintiff prays for relief for the above constitutional infringements in the amount of:

       a.     Compensatory damages for medical expenses, lost wages, lost earnings, future loss of income, pain and suffering, emotional distress, permanent disfigurement and humiliation in excess of $1,000,000.00.

       b.     Punitive damages in a sum greater than $1,000,000.00.

       c.     Reasonable attorneys fees and costs; and

       d.     Such other equitable relief as this Court shall deem just and equitable.

## COUNT III
## GROSS NEGLIGENCE

59.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 58.

60.    That at all times relevant to this Complaint, Defendants owed Plaintiff a duty by abiding by both Federal and Florida law with regard to Plaintiff's right not to be deprived of his liberty, property and freedom without due process of law, his right to be free from excessive force of those acting under color of law in his right to due process.

61.    That as previously indicated, the conduct of Defendants was grossly negligent in that this conduct was so reckless as to demonstrate a substantial lack of concern as to whether injury resulted to Plaintiff, a prisoner under their custody and control and residents of the community who were placed at extraordinary and unnecessary risk.

62.    That as a direct and proximate result of these acts, Plaintiff sustained a loss and injury to his property, and injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a

claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, truck repair expenses, as well as general damages including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

## COUNT V
## ASSAULT AND BATTERY

63.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 62.

64.     That at all times relevant to this Complaint, Defendants without privilege or consent, intentionally committed a wrongful, harmful, unlawful and offensive touching of Plaintiff's body by repeatedly shooting at him and striking him with a bullet in his elbow.

65.     That the actions of Defendants were intentional, willful, wanton, malicious and reckless and caused serious injury which resulted in injury to Plaintiff.

66.     That as a direct and proximate result of these acts, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs. Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, as well as general damages including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable and in excess of $1,000,000.00.

## COUNT VI
## SPOLIATION OF EVIDENCE

67.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 66.

68.     That on or about July 27, 2000, Defendants caused evidence to be overlooked, lost, destroyed or stolen, namely, a bullet casing found at the scene of the incident on William Ave. in the Coconut Grove area of Miami, Florida.

69.     At the time the above referenced evidence was overlooked, lost, destroyed or stolen, there was the existence of a potential civil action for violation of 42 USC Sec. 1983 and for battery against the Defendants.

70.     At the time this evidence in the form of a bullet casing was overlooked, lost, destroyed or stolen, there was a legal duty on the part of the Defendants to preserve the evidence. This duty is imposed by the Fourteenth Amendment's fundamental fairness provisions relating to preserving evidence which is exculpatory to the accused and by Florida case law

71.     That as a direct and proximate result of these acts, Plaintiff has no proof that Defendant Camacho did not fire the third bullet, substantially effecting Plaintiff's ability to prove that Defendant Camacho violated Plaintiff's US and State Constitutional rights or Florida state laws, thereby causing Plaintiff to suffered injury to his property, and injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including medical expenses, lost wages, loss of earning capacity, truck repair expenses, as well as general damages such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable

attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

## COUNT VII
## FALSE IMPRISONMENT & ARREST

72.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 71.

73.    That on or about July 27, 2000, in Miami-Dade County, Florida, Defendants Tapanes and Camacho, under color of law, made an assault with force and arms upon the Plaintiff, thereby restraining him and then and there imprisoned and detained him, without any reasonable or probable cause whatsoever, depriving him of his liberty, contrary to Florida law and against the will of Plaintiff and did then and there do other wrongs to Plaintiff by threatening him physically.

74.    That as a direct and proximate result of these acts of depriving Plaintiff of his liberty, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation. deprivation of liberty and disgrace as well as injury to his reputation.

75.    That as a direct and proximate result of these acts, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, as well as general damages

including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

## COUNT IX
## MALICIOUS PROSECUTION

76.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 75.

77.     On July 30, 2000, Plaintiff was charged with aggravated assault with a deadly weapon (his truck).

78.     On February 14, 2001, Plaintiff was found not guilty by a jury of his peers.

79.     Defendants did not have probable cause for prosecuting Plaintiff.

80.     Defendants wrongfully charged Plaintiff with aggravated assault with a deadly weapon in retaliation against Plaintiff and as justification for the use of unlawful force.

81.     That as a direct and proximate result of these acts, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, as well as general damages

including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

RESPECTFULLY SUBMITTED,

By: _____
Law Offices of John J. Hoffman
John J. Hoffman, Esq.
Florida Bar No.: 604755
10194 Osprey Trace
West Palm Beach, FL 33412
Phone: (561) 775-0661
Facsimile: (561) 493-8731
jjhesqpl@earthlink.net

# EXHIBIT A

LAW OFFICE OF

## JOSEPH S. SHOOK & ASSOCIATES

75 VALENCIA AVENUE
4TH FLOOR
CORAL GABLES, FLORIDA 33134

PHONE: (305) 446-4777
FAX: (305) 446-4565

September 7, 2000

U.S.FEDERAL COURT, S.D.,F
PA STATE BAR

City of Miami
Mayor Joe Carollo
3500 Pan American Drive
Miami FL, 33133

**CERTIFIED/RETURN RECEIPT**

Re: Notice of Claim by Mr. David Allen City of Miami, Florida and its agents: Police officers of City of Miami, for damages for a 42 USC section 1983 violation, assault/battery, negligence, false arrest/imprisonment and malicious prosecution pursuant to Florida Statute section 768.28 (6)(a).

Dear Honorable Carollo:

This office represents Mr. David Allen relative to injuries he sustained as a result of the actions and omissions of City of Miami, Florida and its agents. Police officers of City of Miami. These actions and omissions are in violation of 42 USC 1983 and represent actions constituting assault/battery, negligence false arrest/imprisonment and malicious prosecution.

On July 27, 2000, Mr. David Allen was battered, accosted, harassed, threatened, deprived of his liberty, humiliated and shot by City of Miami Police. This unlawful action by City of Miami and its agents was accomplished without any justification for the force used and without any reasonable justification for the arrest. The City of Miami, through their agent's abuse of authority, caused Mr. Allen to suffer permanent injury and experience extreme mental pain and anguish and physical pain and anguish from the brutality that was so severe that it shattered his elbow, nerves, ligaments, creating the need for bone and nerve grafts. To this day he suffers, disfigurement, restricted movement, humiliation, fear, and anguish that were attendant with the brutal and false arrest.

We hereby make a demand for the statutory limit of damages in the amount of $1,000,000.00.

Sincerely,

Joseph S. Shook, Esq.
J.S.S.:a.a.:

# EXHIBIT B

LAW OFFICE OF

# JOSEPH S. SHOOK & ASSOCIATES

75 VALENCIA AVENUE
4TH FLOOR
CORAL GABLES, FLORIDA 33134

PHONE: (305) 446-4177
FAX: (305) 446-4565

U.S.FEDERAL COURT, S.D.,FL.
PA STATE BAR

September 7, 2000

State Department of Insurance
Att.: Insurance Commissioner
The Capitol,
Tallahassee FL, 32399-0300
(904)922-3100

**CERTIFIED/ RETURN RECEIPT**

**Re: Notice of Claim by Mr. David Allen against City of Miami, and its agents: Police officers of City of Miami, for damages for a 42 USC 1983 violation, negligence, assault/battery, false arrest/imprisonment and malicious prosecution pursuant to Florida Statute section 768.28(6)(a).**

Dear Commissioner:

This office represents Mr. David Allen relative to injuries he sustained as a result of the actions and omissions of City of Miami Police Department and its agents: Police Officers of City of Miami. These actions and omissions are in violation of 42 USC 1983 and represent actions constituting assault/battery, negligence, false arrest/imprisonment and malicious prosecution.

On July 27, 2000, Mr. Allen was harassed, threatened, battered, wrongfully deprived of his liberty and shot by the Police officers of City of Miami. This unlawful action by the City of Miami and its agents was accomplished without any justification for the force used and without any reasonable justification for the arrest. The City of Miami, through their agent's abuse of authority, caused Mr. Allen to suffer permanent injury and experience extreme mental pain and anguish and physical pain and anguish from the brutality that was so severe that it shattered his elbow, nerves and ligaments, creating the need for bone and nerve grafts. To this day he suffers disfigurement, restricted movement, humiliation, fear, and anguish that were attendant with the brutal and false arrest.

We hereby make a demand for compensation in the amount of $1,000,000.00.

Sincerely,

Joseph S. Shook, Esq.
J.S.S.:a.a.:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No.: _____-Civ- _____

DAVID ALLEN,
     Plaintiff

vs.

CITY OF MIAMI, a Municipal corporation
in Miami-Dade County, State of Florida,
POLICE OFFICER LEO TAPANES,
POLICE OFFICER PABLO CAMACHO,
LT. ISRAEL GONZALEZ, OFFICER CARLOS
AVILA, OFFICER JACK CALVAR, OFFICER
NELSON ANDREU, and MAJ. CHRISTMAS
individually and as agents of the City of Miami
and the City of Miami Police Department, all
jointly and severally,
     Defendants.
_____/


**JURY DEMAND**


Plaintiff demands a trial by jury on all issues so triable as of right.


RESPECTFULLY SUBMITTED,

By: _____
Law Offices of John J. Hoffman
John J. Hoffman, Esq.
Florida Bar No.: 604755
10194 Osprey Trace
West Palm Beach, FL  33412
Phone: (561) 775-0661
Facsimile: (561) 493-8731
jjhesqpl@earthlink.net

4
. 12/96)

# CIVIL COVER SHEET

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required w, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use e Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVID ALLEN | City of Miami, FL, Officers Leo Tapanes, Pablo Camacho, Israel Gonzales Carlos Avila, Jack Calvar, Nelson Andreu, Maj. Christmas, indiv. & as agents of the City of Miami & Miami Police Dept., jointly |

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Miami-Dade & sever-
(IN U.S. PLAINTIFF CASES ONLY)                                                     ally
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John J. Hoffman, Esq. 561-775-0661
10194 Osprey Trace
West Palm Beach, FL 33412

ATTORNEYS (IF KNOWN)
Not known

RCLE COUNTY WHERE ACTION AROSE:   DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

| ASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT) | | |
|---|---|---|---|
| | | PTF DEF | PTF DEF |
| J.S. Government ☐ Federal Question ☒☒3 Plaintiff (U.S. Government Not a Party) | Citizen of This State ☐1 ☐1 | Incorporated or Principal Place of Business In This State | ☐4 ☐4 |
| J.S. Government ☐4 Diversity Defendant (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐2 ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 ☐5 |
| | Citizen or Subject of a ☐3 ☐3 Foreign Country | Foreign Nation | ☐6 ☐6 |

| ORIGIN (PLACE AN "X" IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|
| Originally x ☒ Proceeding | ☐2 Removed from State Court | ☐3 Remanded from Appellate Court | ☐4 Reinstated or Reopened | Transferred from ☐5 another district (specify) ☐6 Multidistrict Litigation |

Appeal to District
Judge from
☐7 Magistrate
Judgment

NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ Insurance | **PERSONAL INJURY** | 8☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | 8☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | 8☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 362 Personal Injury, Med. Malpractice | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers Liability | ☐ 365 Personal Injury- Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other B☐ 550 Civil Rights | | | A OR B |
| ☐ All Other Real Property | | B☐ 555 Prison Condition | | | |

CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1983. Defendants acting under color of law and in violation of 42 USC
1983 deprived Plaintiff of rights secured by the 4th &14th Amend. of the
US Constitution, among other things

H OF TRIAL
days estimated (for both sides to try entire case)

| REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ In excess of $1MM | CHECK YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

RELATED CASE(S) (See instructions):
IF ANY                                JUDGE _____ DOCKET NUMBER _____

E   April ___ , 2003

SIGNATURE OF ATTORNEY OF RECORD
, John J. Hoffman, Esq.

OFFICE USE ONLY

EIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No.: _____-Civ- _____

DAVID ALLEN,
      Plaintiff

vs.

CITY OF MIAMI, a Municipal corporation
in Miami-Dade County, State of Florida,
POLICE OFFICER LEO TAPANES,
POLICE OFFICER PABLO CAMACHO,
LT. ISRAEL GONZALEZ, OFFICER
CARLOS AVILA, OFFICER JACK CALVAR,
OFFICER NELSON ANDREU, and MAJ. CHRISTMAS
individually and as agents of the City of
Miami and the City of Miami Police Department,
all jointly and severally,
      Defendants.
_____/

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff David Allen, by and through his undersigned counsel and complains against the above named Defendants, and for this cause of action states as follows:

### JURISDICTION

1.     That this action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Section 1983 and 1988.

2.     That this Court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, Sections 1331 and 1343 and pendant jurisdiction over state claims that

arise out of the nucleus of operative facts common to Plaintiff's federal claims under provisions of Title 28 of the United States Code, Section 1367.

3.      Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

4.      That each and all of the acts of Defendants collectively and each individually as herein were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the City of Miami, County of Miami-Dade, State of Florida, and by virtue of and under the authority of the employment of each of the above-named Defendants as police administrative officials and/or police officers and with the City of Miami, County of Miami-Dade, State of Florida.

5.      That the City of Miami, through the City of Miami Police Department and its Chief of Police, is responsible for and does in fact, hire, train, supervise and instruct police officers and detention officers of all grades in the performance of their duties.

## THE PARTIES

6.      Plaintiff, David Allen, is a citizen and resident of Miami, Miami-Dade County, State of Florida and of the United States and is entitled to all rights, privileges, and immunities accorded to all citizens of the United States and of the State of Florida.

7.      Defendant City of Miami, is a municipal corporation, formed pursuant to the laws of the State of Florida, and one of the functions of the City of Miami is to organize, operate, staff and supervise a police force.

8.      Defendant Tapanes, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

9.      Defendant Camacho, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

10.     Defendant Gonzales, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

11.     Defendant Calvar, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

12.     Defendant Avila, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

13.     Defendant Andreu, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

14.     Defendant Christmas, based on information and belief is a resident of Miami-Dade County, State of Florida, and is or was employed as a police officer for the City of Miami on July 27, 2000.

15.     At all times material, all Defendants, except as set forth below, were acting within the scope of their respective employment and pursuant to the laws, customs, ordinances, policies and practices of the City of Miami Police Department.   All Defendants, except as set forth below, were acting at all material times under the color of state law.

## COMMON ALLEGATIONS

16.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through and including 15 of this Complaint.

17.     On July 27, 2000, at approximately 5:00 p.m. Plaintiff, stopped his truck on William Avenue a residential street in the Coconut Grove section of the City of Miami.  Plaintiff stood on the street between his driver's side door and the seat of his truck, urinating.  At this time and place, Defendant City of Miami and their employees, including Defendants Tapanes and Camacho, were working as undercover police officers in an unmarked car wearing civilian clothes and were transporting a prisoner after having just completed an undercover sting.

17.     Defendants Tapanes and Camacho allege that they witnessed Plaintiff urinating while Defendants were driving by with a prisoner referred to above.

18.     Defendant Camacho, driver of the unmarked car and stopped directly parallel to Plaintiff and his truck, drew his firearm and pointed it at Plaintiff

19.     When Defendant Camacho pointed his firearm at Plaintiff, Plaintiff leaned away from the direction of Defendant Camacho's gun.

20.     That at or about that time, Defendant Tapanes exited the unmarked car and pointed his firearm at Plaintiff.

21.     That after exiting the vehicle, Defendant Tapanes fired his gun.  The bullet entering Plaintiff's driver side window, ultimately striking and wounding Plaintiff's arm.

22.     Plaintiff's truck was not moving at the time of the first shot referenced in paragraph 21, above.

4

23.     That since Plaintiff could not reasonably conclude the Defendants were police officers, Plaintiff began to pull away from the location where he was parked for his own safety.

24.     Defendant Tapanes fired his gun a second time as Plaintiff was leaving the scene.

25.     Defendant Tapanes' bullet struck Plaintiff's truck in the top rear window of the cab on the driver's side.

26.     A third gunshot was fired by either Defendant Tapanes or Defendant Camacho.

27.     Three shell casings were seen being marked by eye witnesses, however, only two shell casing were collected.

28.     No weapon or contraband of any kind was possessed by Plaintiff at the time of the incident described herein.

29.     All of these actions and/or omissions by Defendants caused Plaintiff to suffer injury, including permanent bone, nerve, cosmetic and mental health injury and to incur uninsured medical expenses, lost wages and loss of earning capacity, severe and permanent disfigurement as well as pain and suffering.

30.     After the above described incident, Plaintiff was arrested for aggravated assault (of Defendant Tapanes) with a deadly weapon (his truck).  This arrest was made without any legal justification since Plaintiff did not threaten Defendant with his truck.

31.     The arrest and apprehension of Plaintiff for the offense referred to in paragraph 26 above was a pretext to justify the unlawful shooting of Plaintiff by Defendants.

32.     On February 14, 2002, Plaintiff was found not guilty of the charge of aggravated assault with a deadly weapon by a jury of his peers.

33.     Pursuant to Florida Statute 768.28, Plaintiff caused to be delivered to Mayor Joe Carollo of the City of Miami, a written claim for injuries suffered at the hands of the City of Miami. Exhibit A attached. Such letter was received by Mayor Carollo's office on or about September 9, 2000. Exhibit A attached.

34.     Pursuant to Florida Statute Section 768.28, Plaintiff cause to be delivered to the State Department of Insurance, Thomas Gallagher, a written claim or injuries suffered. Exhibit B attached. Such letter was received by the State Department of Insurance on our about September 9, 2000. Exhibit B attached.

35.     Over six months have passed since this submission of such claim by Plaintiff, but each agency referenced above has failed to dispose of such claim.

36.     The City of Miami has specifically waived its sovereign immunity pursuant to Florida Statute Section 768.28 and Miami-Dade County Code of Ordinances Section 8.03.

## COUNT I
## 42 USC Section 1983 – CONSTITUTIONAL DEPRIVATIONS

37.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint.

38.     That the actions and omission of all Defendants acting under color of law and in violation of 42 USC Section 1983 include and are not limited to:

      a.     the use of unreasonable, unnecessary and excessive force, offended the community's sense of fair play and decency, were unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness and reckless indifference and the life and well being of Plaintiff, community residents, including those who were celebrating an outdoor birthday party, and a prisoner under Defendants' custody and

control, and with wanton intent for Plaintiff to suffer unnecessary and intentional infliction of pain; and

        b.     Defendants' failure to: (i) follow promulgated police policies and procedures, (ii) properly train, supervise and discipline officers in the appropriate use of excessive and/or deadly force, and (iii) develop, implement, monitor and enforce policies and procedures relating to the proper means and methods for (A) collecting and preserving evidence, (B) the constitutional limits of the use of deadly and/or excessive force by its police officers, and (C) investigating incidents relating to the discharge of a police officer's firearm, which failures reflect a deliberate indifference to the rights of the Plaintiff and were a direct and proximate cause of Plaintiff's injury.

       39.    That the conduct of each Defendant, individually and as agents of the City of Miami, deprived Plaintiff of his clearly established rights, privileges and immunities in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and of 42 USC Section 1983.

       40.    That at all times relevant to this Complaint, Defendants, together with the agents assigned to the investigation of the events arising from the incident described herein, owed Plaintiff a duty to protect his Constitutional Rights secured by the Fourth Amendment through the Fourteenth Amendment of the Constitution which include the following guaranteed rights:

        a.     the right to be free from bodily harm and injury caused by Defendants' use of excessive force;

        b.     the right to enjoy his liberty, property and freedom;

        c.     the right to due process of law.

       41.    Defendants violated these rights by:

        a.     detaining and pointing their guns at Plaintiff without having properly identified themselves as police officers;

        b.     placing Plaintiff in fear of great bodily harm and injury;

        c.     the unwarranted use of deadly force;

   d. causing Plaintiff to suffer physical injury, permanent disfigurement, emotional distress, lost income, lost earning capacity, and incur medical expenses;

   e. causing Plaintiff to suffer mental anguish, embarrassment, humiliation and disgrace;

   f. unlawfully depriving Plaintiff of his liberty, property and freedom;

   g. arresting and charging Plaintiff with a crime (assault with a deadly weapon) to justify Defendants' violation of Plaintiff's rights;

   h. failing to locate, collect and preserve all known evidence, specifically, the third bullet casing, which significantly impairs Plaintiff's ability to prove his lawsuit against Defendant Tapanes or Camacho;

   i. failing to establish and/or to follow established policies and procedures relating to the use of deadly force upon an unarmed civilian or one who poses no immediate threat;

   j. failing to establish and/or to follow established policies and procedures relating to the collection and preservation of evidence;

   k. failing to establish and/or to follow established policies and procedures relating to the retention, supervision, discipline and training of police officers;

   l. failing to establish and/or to follow established policies and procedures relating to investigations where one or more officers have discharged a firearm, and in particular, the method, manner (failure to engage an independent or outside agency), and/or conduct (intimidation of witnesses) of the investigation(s) relating to the incident that occurred on July 27, 2000 and described herein;

   m. securing a false statement from a witness in order to justify their unlawful use of excessive force and their arrest and detention of the Plaintiff;

   n. suborning the perjury of a civilian witness to the incident in exchange for the government dismissing criminal charges against said witness;

   o. using investigative tactics including witness intimidation;

   p. not interviewing known witnesses to the occurrence because of a belief that said witnesses would give unfavorable testimony as to the actions of the Defendant officers; and

   q. not interviewing known witnesses identified in police reports.

42.     That the shooting was investigated by the Defendants wherein it was concluded that the Defendant officers' shooting of Plaintiff was justified.

43.     That this conclusion was based upon the statement of a certain witness who was promised a dismissal of a criminal case by the Defendants in exchange for his false testimony that Plaintiff was trying to run over Defendant Tapanes.

44.     That said witness has since recanted and specifically says that in no way was Plaintiff attempting to run over or attempting to drive his vehicle in the direction of the Defendant Tapanes.

45.     That said acts by the Defendants in connection with the Internal Affairs investigation of this matter constituted a conspiracy which lead to the violation of Plaintiff's rights under the U.S. Constitution. and in particular a violation of his rights under the Fourth and Fourteenth Amendments.

46.     That the investigation of the shooting done by the Defendants used improper policies and procedures, including but not limited to intimidation, coercion and securing of false testimony.

47.     That as a direct and proximate result of the foregoing, the Plaintiff, unlawfully deprived of his civil rights is entitled to compensatory and punitive damages, including, but not limited to special damages such as medical expenses, lost wages, lost earnings, and future loss of income, as well general damages such as pain and suffering, emotional distress, and humiliation, permanent disability, disfigurement as well as reasonable attorneys fees and costs.

## A. FOURTH AMENDMENT VIOLATIONS

48.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 47 of this Complaint.

49.     That in a recklessly indifferent fashion, Defendants used intentional, grossly negligent and excessive force against Plaintiff in violation of the Fourth Amendment of the Constitution.

50.     That Defendants effected a seizure upon Plaintiff in violation of his Fourth Amendment rights when they without justification shot, struck and injured Plaintiff, unlawfully arrested him and took him into custody.

51.     That Defendants effected a seizure upon Plaintiff's property in violation of his Fourth Amendment rights when they without justification shot, struck and damaged Plaintiff's truck and took control of Plaintiff's truck.

52.     That as a result of the foregoing, Plaintiff, unlawfully deprived of his civil rights as guaranteed under the US Constitution is entitled to compensatory and punitive damages, including, but not limited to special damages such as medical expenses, lost wages, loss of earning capacity, truck repair expenses as well general damages such as pain and suffering, emotional distress, injury to reputation, serious permanent injury, disfigurement and humiliation, and reasonable attorneys fees and costs.

## B.  FOURTEENTH AMENDMENT VIOLATIONS

53.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 52 of this Complaint.

54.     That Plaintiff was denied due process guaranteed by the Fourteenth Amendment Due Process Clause of the U.S. Constitution as a result of inadequate training on the constitutional limits of the use of excessive force said conduct which shocks the conscience and offends the community sense of fair play and decency.

55.      That the conduct of each Defendant, individually and as agents of the City of Miami, was pursuant to, and in execution and implementation of, officially sanctioned policies, practices, ordinances, regulations and customs of Defendant City of Miami, each of the named Defendants exhibited a deliberate indifference by intentional acts, gross negligence and/or engaged in omissions to breach Plaintiff's public safety and caused constitutional deprivation of his individual rights to wit:

a.      failure to properly locate, collect and preserve all known evidence, specifically, the third bullet casing, was a grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of Plaintiff's Constitutional rights and that future police misconduct is substantially certain to result;

b.      failure to establish and/or to follow established policies and procedures relating to the use of deadly force upon an unarmed civilian or one who poses no immediate threat was a grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of Plaintiff's constitutional rights and that future police misconduct is substantially certain to result;

c.      failure to establish and/or to follow established policies and procedures relating to the collection and preservation of evidence grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of Plaintiff's constitutional rights and that future police misconduct is substantially certain to result;

d.      failure of Defendant City of Miami to adequately discipline, investigate and/or discharge any officers involved in the use of excessive force upon Plaintiff;

e.      failure to establish and/or to follow established policies and procedures relating to the conduct of investigations where one or more officers have discharged a firearm;

f.      failure to hire individuals whose character and personality would not pose a potential danger to residence of the City of Miami and Plaintiff;

g.      knowingly and recklessly failing to discipline, instruct, supervise or control officers conduct, thereby encouraging acts or omissions that lead and contributed to Plaintiff's injuries;

h.      detaining officers who pose a danger to citizens;

i.      failure of the Defendant City of Miami to properly investigate officer shootings;

j.    securing a false statement from a witness in order to justify their unlawful use of excessive force and their arrest and detention of the Plaintiff;

k.    suborning the perjury of a civilian witness to the incident in exchange for the government dismissing criminal charges against said witness;

l.    using investigative tactics including witness intimidation;

m.    not interviewing known witnesses to the occurrence because of a belief that said witnesses would give unfavorable testimony as to the actions of the Defendant officers; and

n.    not interviewing known witnesses identified in police reports.

56.    That Defendants, all officials, supervisors, and officers individually and as agents for the Defendant City of Miami, personally participated in the implementation, execution and omission of the official policies, training, ordinances, regulation and/or customs referred to above.

57.    That, Defendants Tapanes and Camacho acted intentionally, recklessly and with deliberate indifference to life when they shot at an unarmed man for urinating, in broad daylight, on a residential street where a family was celebrating the outdoor birthday party of a family member, while transporting a prison in an unmarked car, posing an excessive risk to the health and safety of Plaintiff and others.

58.    That as a direct and proximate of the aforementioned conduct all of the Defendants individually and as agents of the City of Miami violated Plaintiff's Constitutional rights as guaranteed under the Fourth and Fourteenth Amendment and Plaintiff has suffered pain, anguish, injury and permanent disfigurement, and other damages set forth heretofore.

WHEREFORE, Plaintiff prays for relief for the above constitutional infringements in the amount of:

    a.  Compensatory damages for medical expenses, lost wages, lost earnings, future loss of income, pain and suffering, emotional distress, permanent disfigurement and humiliation in excess of $1,000,000.00.

    b.  Punitive damages in a sum greater than $1,000,000.00.

    c.  Reasonable attorneys fees and costs; and

    d.  Such other equitable relief as this Court shall deem just and equitable.

## COUNT III
## GROSS NEGLIGENCE

59. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 58.

60. That at all times relevant to this Complaint, Defendants owed Plaintiff a duty by abiding by both Federal and Florida law with regard to Plaintiff's right not to be deprived of his liberty, property and freedom without due process of law, his right to be free from excessive force of those acting under color of law in his right to due process.

61. That as previously indicated, the conduct of Defendants was grossly negligent in that this conduct was so reckless as to demonstrate a substantial lack of concern as to whether injury resulted to Plaintiff, a prisoner under their custody and control and residents of the community who were placed at extraordinary and unnecessary risk.

62. That as a direct and proximate result of these acts, Plaintiff sustained a loss and injury to his property, and injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a

claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, truck repair expenses, as well as general damages including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

## COUNT V
## ASSAULT AND BATTERY

63.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 62.

64.     That at all times relevant to this Complaint, Defendants without privilege or consent, intentionally committed a wrongful, harmful, unlawful and offensive touching of Plaintiff's body by repeatedly shooting at him and striking him with a bullet in his elbow.

65.     That the actions of Defendants were intentional, willful, wanton, malicious and reckless and caused serious injury which resulted in injury to Plaintiff.

66.     That as a direct and proximate result of these acts, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs. Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, as well as general damages including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable and in excess of $1,000,000.00.

## COUNT VI

## SPOLIATION OF EVIDENCE

67.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 66.

68.     That on or about July 27, 2000, Defendants caused evidence to be overlooked, lost, destroyed or stolen, namely, a bullet casing found at the scene of the incident on William Ave. in the Coconut Grove area of Miami, Florida.

69.     At the time the above referenced evidence was overlooked, lost, destroyed or stolen, there was the existence of a potential civil action for violation of 42 USC Sec. 1983 and for battery against the Defendants.

70.     At the time this evidence in the form of a bullet casing was overlooked, lost, destroyed or stolen, there was a legal duty on the part of the Defendants to preserve the evidence. This duty is imposed by the Fourteenth Amendment's fundamental fairness provisions relating to preserving evidence which is exculpatory to the accused and by Florida case law.

71.     That as a direct and proximate result of these acts, Plaintiff has no proof that Defendant Camacho did not fire the third bullet, substantially effecting Plaintiff's ability to prove that Defendant Camacho violated Plaintiff's US and State Constitutional rights or Florida state laws, thereby causing Plaintiff to suffered injury to his property, and injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including medical expenses, lost wages, loss of earning capacity, truck repair expenses, as well as general damages such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable

attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

**COUNT VII**
**FALSE IMPRISONMENT & ARREST**

72.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 71.

73.     That on or about July 27, 2000, in Miami-Dade County, Florida, Defendants Tapanes and Camacho, under color of law, made an assault with force and arms upon the Plaintiff, thereby restraining him and then and there imprisoned and detained him, without any reasonable or probable cause whatsoever, depriving him of his liberty, contrary to Florida law and against the will of Plaintiff and did then and there do other wrongs to Plaintiff by threatening him physically.

74.     That as a direct and proximate result of these acts of depriving Plaintiff of his liberty, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation.

75.     That as a direct and proximate result of these acts, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs.  Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, as well as general damages

17

including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

## COUNT IX
## MALICIOUS PROSECUTION

76.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 75.

77.    On July 30, 2000, Plaintiff was charged with aggravated assault with a deadly weapon (his truck).

78.    On February 14, 2001, Plaintiff was found not guilty by a jury of his peers.

79    Defendants did not have probable cause for prosecuting Plaintiff.

80.    Defendants wrongfully charged Plaintiff with aggravated assault with a deadly weapon in retaliation against Plaintiff and as justification for the use of unlawful force.

81.    That as a direct and proximate result of these acts, Plaintiff sustained injuries both physically and emotionally and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation and is entitled to compensatory damages, special damages and reasonable attorneys fees and costs. Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Florida Statutes Section 768.72.

WHEREFORE, Plaintiff prays for relief compensatory damages, including but not limited to medical expenses, lost wages, loss of earning capacity, as well as general damages

including but not limited to such as pain and suffering, emotional distress, injury to reputation and humiliation, reasonable attorneys fees and costs; and such other equitable relief as this Court shall deem just and equitable.

RESPECTFULLY SUBMITTED,


By: _____

     Law Offices of John J. Hoffman
     John J. Hoffman, Esq.
     Florida Bar No.: 604755
     10194 Osprey Trace
     West Palm Beach, FL  33412
     Phone:  (561) 775-0661
     Facsimile:  (561) 493-8731
     jjhesqpl@earthlink.net

EXHIBIT A

LAW OFFICE OF

## JOSEPH S. SHOOK & ASSOCIATES

75 VALENCIA AVENUE
4TH FLOOR
CORAL GABLES, FLORIDA 33134

PHONE: (305) 446-4777
FAX: (305) 446-4565

September 7, 2000

U.S.FEDERAL COURT, S.D.,F
PA STATE BAR

City of Miami
Mayor Joe Carollo
3500 Pan American Drive
Miami FL, 33133

### CERTIFIED/RETURN RECEIPT

Re:  Notice of Claim by Mr. David Allen City of Miami, Florida and its agents: Police officers of City of Miami, for damages for a 42 USC section 1983 violation, assault/battery, negligence, false arrest/imprisonment and malicious prosecution pursuant to Florida Statute section 768.28 (6)(a).

Dear Honorable Carollo.

This office represents Mr. David Allen relative to injuries he sustained as a result of the actions and omissions of City of Miami, Florida and its agents: Police officers of City of Miami.  These actions and omissions are in violation of 42 USC 1983 and represent actions constituting assault/battery, negligence false arrest/imprisonment and malicious prosecution.

On July 27,  2000, Mr. David Allen was battered, accosted, harassed, threatened, deprived of his liberty, humiliated and shot by City of Miami Police.  This unlawful action by City of Miami and its agents was accomplished without any justification for the force used and without any reasonable justification for the arrest.  The City of Miami, through their agent's abuse of authority, caused Mr. Allen to suffer permanent injury and experience extreme mental pain and anguish and physical pain and anguish from the brutality that was so severe that it shattered his elbow, nerves, ligaments, creating the need for bone and nerve grafts.  To this day he suffers, disfigurement, restricted movement, humiliation, fear, and anguish that were attendant with the brutal and false arrest.

We hereby make a demand for the statutory limit of damages in the amount of $1,000,000.00.

Sincerely,

Joseph S. Shook, Esq.
J.S.S.:a.a.:

EXHIBIT B

LAW OFFICE OF

## JOSEPH S. SHOOK & ASSOCIATES

75 VALENCIA AVENUE
4TH FLOOR
CORAL GABLES, FLORIDA 33134

PHONE: (305) 446-4177                                                                                          U.S.FEDERAL COURT, S.D.,FL.
   FAX: (305) 446-4565                                                                                               PA STATE BAR

September 7, 2000

State Department of Insurance
Att.: Insurance Commissioner
The Capitol,
Tallahassee FL, 32399-0300
(904)922-3100                          **CERTIFIED/ RETURN RECEIPT**

**Re: Notice of Claim by Mr. David Allen against City of Miami, and its agents:**
**Police officers of City of Miami, for damages for a 42 USC 1983 violation,**
**negligence, assault/battery, false arrest/imprisonment and malicious prosecution**
**pursuant to Florida Statute section 768.28(6)(a).**

Dear Commissioner:

This office represents Mr. David Allen relative to injuries he sustained as a result
of the actions and omissions of City of Miami Police Department and its agents: Police
Officers of City of Miami. These actions and omissions are in violation of 42 USC 1983
and represent actions constituting assault/battery, negligence, false arrest/imprisonment
and malicious prosecution.

On July 27, 2000, Mr. Allen was harassed, threatened, battered, wrongfully
deprived of his liberty and shot by the Police officers of City of Miami. This unlawful
action by the City of Miami and its agents was accomplished without any justification for
the force used and without any reasonable justification for the arrest. The City of Miami,
through their agent's abuse of authority, caused Mr. Allen to suffer permanent injury and
experience extreme mental pain and anguish and physical pain and anguish from the
brutality that was so severe that it shattered his elbow, nerves and ligaments, creating the
need for bone and nerve grafts. To this day he suffers disfigurement, restricted movement,
humiliation, fear, and anguish that were attendant with the brutal and false arrest.

We hereby make a demand for compensation in the amount of $1,000,000.00.

Sincerely,

Joseph S. Shook, Esq.
J.S.S.:a.a.:

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
Case No.: _____-Civ- _____

DAVID ALLEN,
    Plaintiff

vs.

CITY OF MIAMI, a Municipal corporation
in Miami-Dade County, State of Florida,
POLICE OFFICER LEO TAPANES,
POLICE OFFICER PABLO CAMACHO,
LT. ISRAEL GONZALEZ, OFFICER CARLOS
AVILA, OFFICER JACK CALVAR, OFFICER
NELSON ANDREU, and MAJ. CHRISTMAS
individually and as agents of the City of Miami
and the City of Miami Police Department, all
jointly and severally,
    Defendants.
_____/


## JURY DEMAND


Plaintiff demands a trial by jury on all issues so triable as of right.


                    RESPECTFULLY SUBMITTED,

              By: _____
                    Law Offices of John J. Hoffman
                    John J. Hoffman, Esq.
                    Florida Bar No.: 604755
                    10194 Osprey Trace
                    West Palm Beach, FL  33412
                    Phone:  (561) 775-0661
                    Facsimile:  (561) 493-8731
                    jjhesqpl@earthlink.net

44
v. 12/96)

# CIVIL COVER SHEET   03-21063

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required ew, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use e Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV - HUCK

| ) PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVID ALLEN | City of Miami, FL, Officers Leo Tapanes, Pablo Camacho, Israel Gonzales Carlos Avila, Jack Calvar, Nelson Andreu, Maj. Christmas, indiv. & as agents of the |

| ) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Miami-Dade | City of Miami & Miami Police Dept., jointly |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Miami-Dade  & severally |
| | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| ) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| John J. Hoffman, Esq. 561775-0661 10194 Osprey Trace West Palm Beach, FL 33412 | Not known |

IRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## ASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| J.S. Government Plaintiff | XX 3  Federal Question (U.S. Government Not a Party) |
| J.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

| | | | | Appeal to District Judge from |
|---|---|---|---|---|
| riginal x roceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Magistrate Judgment |

## NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ) Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ) Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ) Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Recovery of Defaulted Student Loans (Exd. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DWC/DWW (405(g)) | ☐ 893 Environmental Matters |
| Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | A☐ 555 Prison Condition | | | |

## CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1983.  Defendants acting under color of law and in violation of 42 USC 1983 deprived Plaintiff of rights secured by the 4th &14th Amend. of the US Constitution, among other things

TH OF TRIAL
days estimated for both sides to try entire case)

| REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ In excess of $1MM | CHECK YES only if demanded in complaint JURY DEMAND:  x YES  ☐ NO |
|---|---|---|---|

| .RELATED CASE(S) IF ANY | (See instructions) | JUDGE | DOCKET NUMBER |
|---|---|---|---|

E   April 29, 2003

SIGNATURE OF ATTORNEY OF RECORD
, John J. Hoffman, Esq.

OFFICE USE ONLY

EIPT #  718174   AMOUNT  $150   APPLYING IFP   JUDGE  Huck   MAG. JUDGE  Turnoff